GRIFFIN, C.J.
This is an appeal of a final summary judgment entered in favor of Key Bank of New York, in an action to recover on a retail installment contract. Appellant contends that the action is barred by laches and that their filed affidavit created a material issue of fact concerning whether there had been a de facto repossession. The laches claim is clearly without merit. This is an action at law governed by a six-year statute of limita *781 tions.[1] As for the “de facto” repossession, this would amount to an affirmative defense that was not pleaded. The lower court did elect to consider the issue, however, and correctly rejected it. The affidavit relied on by appellant, which asserts that the vehicle had been “disposed of’ to Rogers towing is not the equivalent of a statement that the bank (or its predecessor) had repossessed or resold the vehicle. Even assuming the legal sufficiency of this claim, it lacks the record factual substance necessary to preclude summary judgment.
AFFIRMED.
COBB and THOMPSON, JJ., concur.

. See 12 U.S.C. §§ 1441a(b)(4)(A), 1820(d)(14).